IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| RICHARD MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:05cv207-VPM |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Claimant Richard Miller ["Miller"] filed this action seeking review of a final decision of the defendant ["Commissioner"] (Doc. # 1) pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3) (2000).  Upon review of the record and the briefs submitted by the parties, the court concludes that the Commissioner's decision should be REVERSED and REMANDED.

## I.   FACTS AND PROCEDURAL HISTORY

Stating that he had become disabled as of 15 November 2002 due to back and hip pain, Miller, a high school graduate and former laborer, applied for Disability Insurance Benefits ["DIB"] and Supplemental Security Income benefits ["SSI"] (65-76).  His application was denied initially, and a hearing before Administrative Law Judge ["ALJ"] Stuart A. Wein resulted in an unfavorable decision (R. 18-27).

After reviewing additional evidence, the Social Security Administration's Appeals Council ["AC"] denied Miller's request for review (R. 5-7), thus rendering the ALJ's opinion

the final decision of the Commissioner.  Miller then filed this timely lawsuit (Doc. # 1).

## II.    STANDARD OF REVIEW

The district court's review of the Commissioner's decision is a limited one. Reviewing courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]." *Miles v. Chater*, 84 F. 3d 1397, 1400 (11th Cir. 1996) (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  The court must affirm the Commissioner's decision "if it is supported by substantial evidence and the correct legal standards were applied," *Kelley v. Apfel*, 185 F.3d 1211 (11th Cir. 1999) (citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997)).[1]  This is true despite the existence of substantial evidence "contrary to the findings of the ALJ." *Barron v. Sullivan*, 924 F.2d 227, 230 (11th Cir. 1991).  "There is no presumption, however, that the Commissioner followed the appropriate legal standards in deciding a claim for benefits or that the legal conclusions reached were valid." *Miles*, 84 F. 3d at 1400 (citations omitted).

---

[1]In *Graham v. Apfel*, 129 F. 3d at 1422, the Court of Appeals stated that:

> Substantial evidence is described as more than a scintilla, and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).

### III.   DISCUSSION

*A.*   ***Standard for Determining Disability***

An individual who files an application for Social Security disability benefits must prove that he is disabled, which means that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A) (2004); *see also* 20 C.F.R. §§ 404.1512(a), 416.912(a) (2004).

The regulations governing disability determinations provide a five-step sequential evaluation process that the ALJ must follow to determine whether a claimant has proven that he is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also **Ambers v. Heckler***, 736 F.2d 1467, 1469 (11th Cir. 1984); ***Williams v. Barnhart***, 186 F. Supp. 2d 1192, 1195 (M.D. Ala. 2002).  If the claimant is not currently engaged in substantial gainful activity, the ALJ must determine whether he suffers from a severe impairment that has lasted or is expected to last 12 months or more.  §§ 404.1509, 416.909, 404.1520(a)(4)(I)-(ii), 416.920(a)(4)(I)-(ii).  If so, and the impairment(s) is of such severity as to meet or medically equal a condition described in the SSA's "Listing of Impairments," then the claimant will be found to be disabled.  §§ 404.1520(a)(4)(iii); 404, subpt. P, app. 1; 416.920(a)(4)(iii).

If the claimant's severe impairment(s) does not automatically qualify him for disability benefits, the ALJ must then assess his residual functional capacity ["RFC"], which

3

represents "the most [a claimant] can still do despite [his] limitations."   §§ 404.1545(a),
416.945(a).  Considering his RFC, the ALJ must determine whether the claimant is able to
perform the physical and mental demands of his past relevant work.  §§ 404.1520(a)(4)(iv),
416.920(a)(4)(iv).  If not, the ALJ must determine whether, considering his RFC, age,
education, and past work experience, the claimant is capable of performing other jobs
available in significant numbers in the national economy.  §§ 404.1520(a)(4)(v), 404.1560(c),
416.920(a)(4)(v), 416.960(c).

**B.     *Application of the Standard: The ALJ's Findings***

After discussing the legal standards and the scant evidence in the record, the ALJ
made the following findings:

1.     The claimant meets the non-disability requirements for a period of disability and disability insurance benefits . . . and is insured for benefits through March 31, 2007.

2.     The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.     The claimant's obesity, degenerative disc disease with chronic low back pain and status post motor vehicle accident are considered "severe" . . ..

4.     These medically determinable impairments do not meet or medically equal one of the listed impairments . . ..

5.     [T]he claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision.

6.     The claimant has the residual functional capacity to

4

perform a full range of sedentary work.

7.    The claimant is unable to perform any of his past relevant work . . ..

8.    The claimant is a "younger individual" . . ..

9.    The claimant has a "high school (or high school equivalent) education" . . ..

10.    The claimant has no transferable skills from any past relevant work and/or transferability of skills is not an issue in this case . . ..

11.    The claimant has the residual functional capacity to perform the full range of sedentary work . . ..

12.    Based on an exertional capacity for sedentary work, and the claimant's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocational Rule 201.27.

13.    The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision . . ..

(R. 26-27).

Thus, Miller failed because the ALJ determined that the regulations directed a finding of not disabled. Miller disagrees and contends that the ALJ's opinion is not supported by substantial evidence. Specifically, Miller raises five arguments; however, the court need discuss only his contention that the ALJ's RFC assessment was erroneous and warrants remand.

## C.   *The RFC Assessment*

"The residual functional capacity is an assessment, based upon all the relevant evidence, of a claimant's remaining ability to do work despite his [or her] impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a); *see also* § 416.945(a)). Referring to the claimant, the regulations state:

> In general, you are responsible for providing the evidence we will use to make a finding about your residual functional capacity. (*See* § 404.1512(c).) However, before we make a determination that you are not disabled, we are responsible for developing your complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help you get medical reports from your own medical sources. (*See* § 404.1512(d) through (f).) We will consider any statements about what you can still do that have been provided by medical sources, whether or not they are based on formal medical examinations. (*See* § 404.1513) We will also consider descriptions and observations of your limitations from your impairment(s), including limitations that result from your symptoms, such as pain, provided by you, your family, neighbors, friends, or other persons. (*See* paragraph (e) of this section and § 404.1529.)

20 C.F.R. § 404.1545(a)(3).

The ALJ is solely responsible for assessing a claimant's RFC, 20 C.F.R. § 404.1546(c), but his assessment, and the remainder of his opinion, must be supported by substantial evidence. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (noting that the courts will not disturb the ALJ's RFC determination when it is supported by substantial evidence); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004) (affirming the ALJ's opinion upon finding, *inter alia*, that his RFC assessment was based on substantial evidence). For the court to make this determination, the assessment also

6

must at least be well explained.

An RFC "assessment . . . *includes descriptions of the physical, mental, and sensory capacities and any environmental restrictions* which may affect the individual's ability to function in a work setting." Soc. Sec. Ruling 82-30, at *2 (1982). "In making the RFC assessment, any medical assessments which are not supported by all of the medical evidence should be *clearly rebutted*." *Id.* (emphasis added).

The SSA further explained:

> Assessment of physical capacities (e.g., strength and exertional capabilities) includes an evaluation of the individual and indicates his or her maximum RFC for sustained activity on a regular basis. Such assessment also includes an evaluation of the ability to perform significant physical functions such as walking, standing, lifting, carrying, pushing, or pulling, and such other physical traits and sensory characteristics as reaching, handling, seeing, hearing, and speaking insofar as limited capacity to perform these activities may affect the individual's capacity for work for which he or she would otherwise be qualified.
>
> ***
>
> The RFC assessment is based *primarily on the medical findings*, i.e., the symptoms, signs, and laboratory results, *which must be complete enough to permit and support the necessary judgments concerning the individual's physical, mental, and sensory capacities and any environmental restrictions*.

Soc. Sec. Rul. 86-8, at * 6 (1986).

In ostensibly carrying out the responsibilities outlined *supra*, the ALJ wrote the following, lengthy, multi-subject paragraph:

> Based on a thorough review of the entire record the undersigned

7

Administrative Law Judge finds the claimant retains the residual functional capacity to perform a full range of sedentary work. The medical source statement by Dr. [Richard V.] Meadows indicates that claimant could lift 20 pounds occasionally, no bending and/or stooping, and rare stair climbing, reaching and work around hazardous machinery. The claimant was reported to have pain with range of motion of his hips and back. The claimant was reported to have pain present to such an extent as to be distracting to adequate performance of daily activities or work. Dr. Meadows reported that physical exertion would increase the claimant's pain to such an extent that bed rest and/or medication was necessary. Drug side effects were expected to be significant and to limit effectiveness due to distraction, inattention, drowsiness etc. [sic] (Exhibit 7F). However, this assessment is not accorded the deference typically given to a "treating source" for the following reasons. The medical evidence of record indicates that the claimant has the fine and gross manipulation function to perform sedentary job tasks. He was able to oppose finger to thumb in a normal manner (Exhibit 3F). The undersigned Administrative Law Judge further notes that the medical evidence of record does not reflect ongoing continual treatment and very few objective medical findings to support his assertions. The claimant's own testimony that he cares for his elderly uncle with whom he lives, performs the yard work, and mows the lawn, goes to church and performs usher duties undermines his contentions that he experiences marked medication side effects and pain. Further, Dr. Meadows' assessment was made following a one-time visit; thus, he is not a "treating" source under the regulations. Additionally, claimant had not been prescribed any pain medication until two weeks prior to the hearing. The undersigned Administrative Law Judge finds that the evidence as a whole does not support the existence of the severity limitations of function reported by the one time consultative examination of Dr. Meadows wherein he reported that physical exertion would increase the claimant's pain to such an extent that bed rest and/or medication was necessary. Drug side effects were expected to be significant and to limit effectiveness due to distraction, inattention, drowsiness etc [sic] (Exhibit 7F). Balancing the report of Dr. Meadows against the medical evidence as a whole, the undersigned Administrative Law Judge

finds that Dr. Meadows' report is inconsistent with the medical
evidence as a whole and therefore entitled to less probative
value than the other longitudinal medical evidence of record.

(R. 24-25).

The ALJ's opinion suffers for several obvious reasons, chief among them is its lack
of clarity. Although it is hardly clear, it appears that the ALJ simultaneously adopted and
discredited Dr. Meadows's opinion, which included an assessment of RFC and the only
medical insight into Miller's functional limitations.[2] Without Dr. Meadows's opinion, the
record does not support any assessment of RFC. Because the ALJ appears to have
discredited this report, the ALJ's assessment of RFC is not supported by substantial evidence.

Of course, the ALJ actually may have accepted the relevant findings in Dr.
Meadows's report and simply erred with his problematic explanation. Even if that is so, the
ALJ's conclusion that Miller could perform the full range of sedentary work is nonetheless
erroneous. As the Commissioner herself concedes, the limitations reported by Dr. Meadows

---

[2]A report of an examination performed by Sam R. Banner, M.D., offers numerous results of
physical tests but no indication how those results, which suggest limited back and hip flexibility,
translate to Miller's specific physical limitations (R. 108-11). The ALJ is not qualified, however,
to determine how a limited ability to flex his hip on the right (70 degrees active and passive) and left
(60 degrees active and passive) affects Miller's ability to sit, stand, stoop or crawl.

A medical source must provide this explanation, and neither Dr. Banner nor any other
examining or treating source besides Dr. Meadows provided a professional assessment of Miller's
functional limitations. *Id.* Records from a visit to Newton Family Health Center indicate that Miller
complained of back pain, and the treating doctor noted "lumbar sacral tenderness on palpation; good
lumbar mobility" (R. 125). Notes from a 2002 visit to Newton noted long-term treatment for "left
leg, lower back, and knee pain," as well as Miller's tendency to limp and inability to stand for long
periods of time (R. 103). Finally, an x-ray revealed only "normal variation" in his spine. This
accurately summarizes the entire medical record before the ALJ.

indicate "less than a full sedentary exertional level" (Doc. # 12, p. 7).  Moreover, Dr. Meadows's conclusion that Miller could never stoop establishes the existence of a nonexertional impairment that significantly limits the sedentary job base, assuming this conclusion is accepted by the Commissioner.  *See* 20 C.F.R. § 404.1569a(c); Soc. Sec. Rul. 96-9p (1996).

Beyond the lack of clarity or articulated rationale, the ALJ's opinion also lacks the detail the Commissioner requires in explaining an assessment of RFC.  The conclusion that Miller is limited to sedentary work must be based on stated findings regarding his exertional and nonexertional limitations.  It is not enough for the ALJ merely to describe the medical evidence and state the category of jobs the claimant is able to perform.  In other words, the ALJ should state specifically his conclusions regarding Miller's relevant limitations (The standard form utilized by the Commissioner to document an RFC assessment serves as an excellent guideline as evidenced by the numerous ALJ opinions that tend to follow it).  In addition, each of the conclusions stated by the ALJ must be supported with evidence in the record, and if evidence is lacking, the ALJ must develop the record accordingly.

A record such as Miller's presents a dilemma for the Commissioner. The dearth of medical evidence generally supports a finding that the claimant failed to meet his burden to prove his disability.  If the ALJ must assess the claimant's RFC, however, a superficial medical record that does not include an assessment provided by an examining or treating

10

medical source is far less likely to support the ALJ's conclusions.[3]  This is not to say, as other federal district courts in Alabama have,[4] that a formal RFC by a physician is always necessary.  As a practical matter, though, such an assessment will be necessary when the other medical evidence does not provide the requisite, detailed insight into the claimant's functional limitations.

To best ensure thoroughness and clarity, on remand, the Commissioner must reassess Miller's RFC, proceed with the remainder of the disability determination, and provide a clear explanation for her conclusions.  An additional hearing to allow a VE to testify may or may not be required, but a review of all of the evidence in the administrative record, including the evidence that was not before the ALJ when making his decision, certainly will be.  ***Turner ex rel. Turner v. Barnhart***, 377 F. Supp. 2d 1165, 1169 (M.D. Ala. 2005) (McPherson, J.).

D.    *Remaining Arguments*

A conclusion on the merits of Miller's remaining arguments would be of little consequence because the record will be different on remand, supplemented with the records previously introduced to the AC and perhaps with additional information as well.  Therefore,

---

[3]Conclusions reached by a non-examining physician cannot alone be considered substantial evidence in the record.  ***Swindle v. Sullivan***, 914 F.2d 222, 226 n.3 (11th Cir. 1990).

[4] *See* ***Thomason v. Barnhart***, 344 F. Supp. 2d 1326, 1329 (N.D. Ala. 2004) (including within a list of errors the absence of a "formal assessment of record of plaintiff's Residual Functional Capacity [RFC] either by examining or non-examining physicians . . . ."); ***Coleman v. Barnhart***, 264 F. Supp. 2d 1007, 1010-11 (S.D. Ala. 2003) ("The undersigned finds it unclear how the ALJ found plaintiff could meet the threshold physical requirements of medium work, in absence of a physical capacities evaluation ("PCE") completed by a treating or examining physician . . . .").

the court makes no finding on the remaining issues.

## IV.   CONCLUSION

Therefore, it is hereby

ORDERED that pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the

Commissioner is REVERSED and REMANDED for further proceedings consistent with this

opinion.

DONE this 24th day of February, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE